CLERK'S OFFICE US DIST. COURT
AT ABINGDON, VA
FILED

DEC 19 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
AT ABINGDON

| | |
|---|---|
| UNITED STATES OF AMERICA ) | INDICTMENT |
| ) | Criminal Number 7:06CR112 |
| v. ) | |
| ) | All in Violation of:   Turk |
| ROBERT KEITH ADAMS ) | 18 U.S.C. §3 |
| ) | 18 U.S.C. §4 |
| ) | 18 U.S.C. §1001(a)(2) |
| ) | 18 U.S.C. §1505 |
| ) | 18 U.S.C. §1512(c)(2) |

## INTRODUCTION

At all times relevant to this Indictment:

1. ROBERT KEITH ADAMS was employed as a Deputy Sheriff in the Henry County Sheriff's Office holding the positions of a School Resource Officer and as a Sergeant in charge of Investigations in the Criminal Division.

2. In or about 2001, Sergeant James Alden Vaught of the Henry County Sheriff's Office stole approximately two kilograms of cocaine from a drug dealer and further distributed the drugs through William Randall Reed, Wilbert Herman Brown and Rayfield Moore. ROBERT KEITH ADAMS learned of the drug crime and believed that James Alden Vaught had stolen two kilograms of cocaine and $40,000 in drug money. ROBERT KEITH ADAMS did not pursue, report nor arrest James Alden Vaught and further requested that James Alden Vaught pay him $20,000 of the drug money. James Alden Vaught refused such payment.

3. Rayfield Moore was a large scale cocaine dealer in Henry County, Virginia who was arrested in possession of approximately 33 kilograms of cocaine on or about March 13, 2006. Rayfield Moore made payments of money to ROBERT KEITH MOORE in return for information related to law enforcement activities.

4. On or about January 23, 2006, James Alden Vaught asked for ROBERT KEITH ADAMS' assistance in locating Wilbert Herman Brown so James Alden Vaught could sell Wilbert Herman Brown approximately ½ kilogram of cocaine.

5. In or about early 2006, ROBERT KEITH ADAMS encouraged Wilbert Herman Brown to stay away and not talk to James Alden Vaught because ROBERT KEITH ADAMS was of the belief that James Alden Vaught was wearing a body recorder and working as an informant in a federal investigation.

6. On or about March 24, 2006, ROBERT KEITH ADAMS falsely stated to a federal agent that he had not received payoffs and that he did not know why James Alden Vaught was looking for Wilbert Herman Brown on or about January 23, 2006.

7. As a condition of his employment as a Deputy Sheriff of the Henry County Sheriff's Office, and pursuant to *Va. Code Ann. §§15.2-1603 & 49.1*, ROBERT KEITH ADAMS took and subscribed to the following oath: "I do solemnly swear (or affirm) that I will support the Constitution of the United States, and the Constitution of the Commonwealth of Virginia, and that I will faithfully and impartially discharge all the duties incumbent upon me as [Deputy Sheriff] according to the best of my abilities, so help me God."

## COUNT ONE

The Grand Jury charges:

1. That the Introduction to the Indictment is realleged and incorporated by reference into this Count.

2. That from in or about 2001 until 2006, in the Western Judicial District of Virginia, ROBERT KEITH ADAMS, knowing that an offense against the United States has been committed, to wit, Possession With Intent to Distribute and Distribution of Approximately Two Kilograms of Cocaine, did relieve, comfort and assist the offender, James Alden Vaught, in order to hinder and prevent the offender's apprehension, trial and punishment.

3. All in violation of Title 18, United States Code, Section 3.


## COUNT TWO

The Grand Jury charges:

1. That the Introduction to the Indictment is realleged and incorporated by reference into this Count.

2. That from in or about 2001 until in or about 2006, in the Western Judicial District of Virginia, ROBERT KEITH ADAMS, having knowledge of the actual commission of a felony cognizable by a Court of the United States, to wit Possession With Intent to Distribute and Distribution of Approximately Two Kilograms of Cocaine, did conceal the

3

same by performing acts in violation and contravention of his sworn duties as a law enforcement officer, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

3. All in violation of Title 18, United States Code, Section 4.

## COUNT THREE

The Grand Jury charges:

1. That the Introduction to the Indictment is realleged and incorporated by reference into this Count.

2. That in or about January 2006, until in or about October 2006, in the Western Judicial District of Virginia, defendant ROBERT KEITH ADAMS corruptly attempted to obstruct, influence and impede an official proceeding; that is, an investigation by the Federal Bureau of Investigatio, in that ROBERT KEITH ADAMS, among other things, encouraged a potential witness to withhold and/or present false evidence to federal investigators; and, made false statements to and attempted to mislead a Special Agent of the Federal Bureau of Investigation with respect to ROBERT KEITH ADAMS' knowledge of illegal activities committed by himself and other employees and associates of the Henry County Sheriff's Office, said false statements were contained in a written report that was used during the federal investigation.

3. All in violation of Title 18, United States Code, Section 1512(c)(2).

4

## COUNT FOUR

The Grand Jury charges:

1. That the Introduction to the Indictment is realleged and incorporated by reference into this Count.

2. That from in or about January 2006, until in or about October 2006, in the Western Judicial District of Virginia, defendant ROBERT KEITH ADAMS did corruptly endeavor to influence, obstruct and impede the due and proper administration of the law involving a pending proceeding by an agency of the United States; that is, investigations by the Federal Bureau of Investigation and the Drug Enforcement Administration, in that ROBERT KEITH ADAMS, among other things, knowingly and willfully encouraged a potential witnesses to withhold and/or present false evidence to federal investigators; and, made false statements to and attempted to mislead a Special Agent of the Federal Bureau of Investigation with respect to ROBERT KEITH ADAMS' knowledge of illegal activities committed by himself and other employees of the Henry County Sheriff's Office.

3. All in violation of Title 18, United States Code, Section 1505.

## COUNT FIVE

The Grand Jury charges:

1. That the Introduction to the Indictment is realleged and incorporated by reference into this Count.

5

2. That on or about March 24, 2006, in the Western Judicial District of Virginia, in a matter within the jurisdiction of the Federal Bureau of Investigation, ROBERT KEITH ADAMS knowingly and willfully made a false material statement and representation to a Special Agent of the Federal Bureau of Investigation, in that ROBERT KEITH ADAMS stated that he did not know why James Alden Vaught was attempting to locate Wilbert Herman Brown, when in truth and fact, as ROBERT KEITH ADAMS well knew, James Alden Vaught had told ROBERT KEITH ADAMS that he was attempting to locate Wilbert Herman Brown in order to sell him approximately ½ kilogram of cocaine.

3. All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SIX

The Grand Jury charges:

1. That the Introduction to the Indictment is realleged and incorporated by reference into this Count.

2. That on or about March 24, 2006, in the Western Judicial District of Virginia, in a matter within the jurisdiction of the Federal Bureau of Investigation, ROBERT KEITH ADAMS knowingly and willfully made a false material statement and representation to a Special Agent of the Federal Bureau of Investigation, in that ROBERT KEITH ADAMS stated that he had not received any payoffs, when in truth and fact, as ROBERT KEITH ADAMS well knew, ROBERT KEITH ADAMS had received payoffs from Rayfield Moore.

3. All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL, this 19th day of December, 2006.

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

7