CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 16 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | Criminal No. 7:06cr00112 |
| v. | |
| | MEMORANDUM OPINION |
| ROBERT KEITH ADAMS,<br>Defendants. | By: James C. Turk<br>Senior United States District Judge |

This case is before the court on the defendant, Robert Keith Adams' ("Adams"), motion for a judgment of acquittal or, in the alternative, for a new trial. The court held a hearing on January 10, 2008, during which the parties presented oral arguments. For the following reasons, the court finds that the defendant's motion has no basis and shall be dismissed.

### I.

On November 2, 2007, a federal jury found Adams guilty of Counts Four and Five of a superseding indictment. Count Four charged Adams with obstructing justice in that he "encouraged a potential witness to withhold and/or present false evidence to federal investigators; and made false statements to and attempted to mislead a Special Agent of the Federal Bureau of Investigation . . . ." Count Five charged Adams with making "a false material statement and representation to a Special Agent of Federal Bureau of Investigation" ("FBI").

The defendant now moves the court to either overturn the jury's finding of guilt or grant a new trial for the following reasons:

1) Adams' rights concerning multiple punishments for the same offense were violated when he was found guilty of both Counts Four and Five;

2) The government prosecutor committed misconduct in his rebuttal argument;

3) The jury instructions as to Counts Four and Five were confusing and thus denied Adams of a fair trial;

4) There was insufficient evidence to prove guilt as to Counts Four and Five;

5) A juror was improperly coerced by other members of the jury, denying Adams of a fair trial; and

6) Several evidentiary errors were committed at and before trial, denying Adams of a fair trial.

## II.

The court finds that Adams' contentions lack merit for the following reasons. First, the jury's finding of guilt on both Counts Four and Five did not violate the Double Jeopardy Clause of the Fifth Amendment because each count required an element that the other did not. Blockburger v. United States, 284 U.S. 299 (1932). Pursuant to the court's instruction, it was possible for the jury to find Adams guilty of both Counts Four and Five upon finding that Adams stated falsely to an FBI Special Agent on March 24, 2006 that he did not know why James Alden Vaught was attempting to locate Wilbert Herman Brown. (Tr., Jury Instructions at 32–35, 39–40) "If Congress clearly authorizes multiple punishments for the same act or transaction" however, "the Double Jeopardy Clause is not offended when the multiple punishments are imposed after a single trial." United States v. Terry, 86 F.3d 353, 355 (4th Cir. 1996) (citing Albernaz v. United States, 450 U.S. 333, 344 (1981)). If proof of each crime "requires proof of an additional fact which the other does not," Blockburger, 284 U.S. at 304, "multiple punishments are presumed to be authorized absent a clear showing of contrary Congressional intent." Terry, 86 F.3d at 356.

2

Obstruction of justice and false statement each require proof of elements that the other does not. To show obstruction of justice, the government was required to demonstrate that a proceeding was pending before a department or agency of the United States, that Adams knew that the proceeding was pending, and that Adams obstructed the administration of justice. 18 U.S.C. §1505. These elements are not needed to prove false statement under 18 U.S.C. § 1001(a)(2). Conversely, to show that Adams made a false statement, in violation of Section 1001(a)(2), the government was required to show the materiality of the statement, an element not present in Section 1505. As each offense requires proof of an element that the other does not, the jury's finding of guilt on both Counts Four and Five did not violate the principles stated in Blockburger.

Next, the court finds that the United States did not commit prosecutorial misconduct during its rebuttal argument when it referred to defense counsel's actions as "sleazy tactics." (Tr., Government's Closing at 20) As the string of cases cited by the government suggest, several Circuit Courts have found that when a defense counsel attacks the prosecution's integrity or motivation, the door is opened to a reply in kind. The prosecutor's reference to defense counsel's "sleazy tactics" was not likely to have prejudiced the jury against Adams, particularly after defense counsel employed a Don Corleone impression and likened the government prosecutors and agents to members of the Mafia who engaged in improper conduct to wrongfully convict innocent and good people like Adams. (Tr., Defense's Closing at 4–5) See, e.g., United States v. Lopez-Alvarez, 970 F.2d 583, 598 (9th Cir. 1992) ("the prosecutor's comments comparing defense counsel to both a magician and a squid were not likely to have prejudiced the jury against Lopez-Alvarez, particularly in light of defense counsel's comparison of the

3

prosecutor to the Wizard of Oz"). Nor did the government commit misconduct when it referenced Adams' co-defendants who had plead guilty and stated during closing argument that Adams was in the middle of their corruption. (Tr., Government's Closing at 20–21) "It is undisputed that closing argument is not merely a time for recitation of uncontroverted facts, but rather the prosecution may make fair inferences from the evidence." United States v. Francisco, 35 F.3d 116, 120 (4th Cir. 1994). The government's statement was such an inference. It did not prejudicially affect Adams' substantial rights so as to deprive him of a fair trial, and accordingly, does not demand an acquittal or new trial. See id.

Nor does Adams' contention that the jury instructions for Counts Four and Five were so confusing as to warrant a new trial carry any weight. Upon its request, the jury received clarification from the court as to elements of Count Four. There is no reason to suspect that the court's clarification was confusing or that the jury was unable to follow the court's instructions. Furthermore, the transcript offers no suggestion that the jury was confused as to the court's Count Five instruction. There is no indication that the court's instructions were confusing; thus, the court will not grant Adams' request for a new trial on this ground.

Adams next contends that there was insufficient evidence to prove guilt as to Counts Four and Five. The standard to be applied by a court in considering a motion for acquittal based upon insufficient evidence is whether there is substantial evidence which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt. United States v. Stockton, 788 F.2d 210, 218 (4th Cir.1986); United States v. McCloskey, 682 F.2d 468, 473 (4th Cir.1982). The Fourth Circuit has defined "substantial evidence" as "evidence that a reasonable finder of fact could accept as adequate and sufficient to

support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). The court "must remain cognizant of the fact that the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). Under this standard, the court finds that the government presented substantial evidence at trial to allow the jury to conclude beyond a reasonable doubt that Adams was guilty of Counts Four and Five.

Adams submitted a juror's affidavit to the court to support his claim that the affiant juror was coerced and intimidated by other jury members into changing her vote to "guilty." Pursuant to Rule 606 however, the court cannot consider the internal deliberations of the jury. Specifically,

> [u]pon an inquiry into the validity of the verdict . . ., a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict . . . or concerning the juror's mental processes in connection therewith.

Fed. R. Evid. 606(b). Accordingly, the court will neither set aside the jury's verdict nor grant a new trial on the grounds of juror misconduct.

Finally, the court upholds its pre-trial and trial rulings that were challenged by Adams in his brief, and thus dismisses Adams' argument that the individual and cumulative impact of erroneous pre-trial and trial rulings by the court deprived Adams of a fair trial.

5

### III.

For the stated reasons, Adams' Motion for Judgment of Acquittal or, in the Alternative, for a New Trial has no basis and shall be dismissed.

The Clerk is directed to send copies of this opinion and the accompanying order to all counsel of record.

ENTER: This 16th day of January, 2008.

/s/ James C. Turk
Honorable James C. Turk
Senior United States District Judge